UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6054-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERROL SEWELL

        Defendant.
_____/

ADDITIONAL ISSUES FOR SENTENCING

    The defendant ERROL SEWELL also submits that he has met the criteria in **18 USC ss 3553 (f)(1)-(5)** which Section allows the Court to sentence the defendant in accordance with the applicable guidelines without regards to any statutory minimum sentence.

Respectfully Submitted,

ABE A. BAILEY, P.A.
18350 N.W. 2nd Avenue, Fifth Floor
Miami, Florida 33169
(305) 653-8860

By: _____
    ABE A. BAILEY, ESQUIRE
    Fla. Bar No. 0480398



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail to Paul Czenkanski, US Probation Officer, US Probation Office, Room 315, U.S. Courthouse, 300 N.E. First Avenue Miami, Fl 33132-2126 and Robin Rosenbaum, AUSA, United States Attorney's Office, 299 East Broward Boulevard, Fort Lauderdale, Fl 33301 on this _____ day of _____, 2000.

ABE A. BAILEY, ESQUIRE

*criminality is related to the treatment problem to be addressed and there is a reasonable likelihood that successful completion of the treatment program will eliminate that problem*

7. *The use of substitutes for imprisonment as provided in subsections (c) and (d) is not recommended for most defendants with a criminal history category of III or above. Generally, such defendants have failed to reform despite the use of such alternatives.*

8. *Subsection (f) provides that, where the applicable guideline range is in Zone D of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is twelve months or more), the minimum term must be satisfied by a sentence of imprisonment without the use of any of the imprisonment substitutes in subsection (e).*

Historical Note: Effective November 1, 1987. Amended effective January 15, 1988 (see Appendix C, amendment 51); November 1, 1989 (see Appendix C, amendments 271, 275, and 302); November 1, 1992 (see Appendix C, amendment 462).

### §5C1.2.    Limitation on Applicability of Statutory Minimum Sentences in Certain Cases

In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*Commentary*

*Application Notes:*

1. *"More than 1 criminal history point, as determined under the sentencing guidelines," as used in subdivision (1), means more than one criminal history point as determined under §4A1.1 (Criminal History Category).*

2. *"Dangerous weapon" and "firearm," as used in subdivision (2), and "serious bodily injury," as used in subdivision (3), are defined in the Commentary to §1B1.1 (Application Instructions).*

3. *"Offense," as used in subdivisions (2)-(4), and "offense or offenses that were part of the same course of conduct or of a common scheme or plan," as used in subdivision (5), mean the offense of conviction and all relevant conduct.*

4. *Consistent with §1B1.3 (Relevant Conduct), the term "defendant," as used in subdivision (2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused.*

5. *"Organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines," as used in subdivision (4), means a defendant who receives an adjustment for an aggravating role under §3B1.1 (Aggravating Role).*

6. *"Engaged in a continuing criminal enterprise," as used in subdivision (4), is defined in 21 U.S.C. § 848(c). As a practical matter, it should not be necessary to apply this prong of subdivision (4) because (i) this section does not apply to a conviction under 21 U.S.C. § 848, and (ii) any defendant who "engaged in a continuing criminal enterprise" but is convicted of an offense to which this section applies will be an "organizer, leader, manager, or supervisor of others in the offense."*

7. *Information disclosed by the defendant with respect to subdivision (5) may be considered in determining the applicable guideline range, except where the use of such information is restricted under the provisions of §1B1.8 (Use of Certain Information). That is, subdivision (5) does not provide an independent basis for restricting the use of information disclosed by the defendant.*

8. *Under 18 U.S.C. § 3553(f), prior to its determination, the court shall afford the government an opportunity to make a recommendation. See also Fed. R. Crim. P. 32(c)(1), (3).*

9. *A defendant who meets the criteria under this section is exempt from any otherwise applicable statutory minimum sentence of imprisonment and statutory minimum term of supervised release.*

*Background:* *This section sets forth the relevant provisions of 18 U.S.C. § 3553(f), as added by section 80001(a) of the Violent Crime Control and Law Enforcement Act of 1994, which limit the applicability of statutory minimum sentences in certain cases. Under the authority of section 80001(b) of that Act, the Commission has promulgated application notes to provide guidance in the application of 18 U.S.C. § 3553(f). See also H. Rep. No. 460, 103d Cong., 2d Sess. 3 (1994)*

*(expressing intent to foster greater coordination between mandatory minimum sentencing and the sentencing guideline system).*

Historical Note: Effective September 23, 1994 (see Appendix C, amendment 509). Amended effective November 1, 1995 (see Appendix C, amendment 515); November 1, 1996 (see Appendix C, amendment 540); November 1, 1997 (see Appendix C, amendment 570).